# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JACQUELYN HACKETT,**

    **Plaintiff,**

v.                                               CASE NO. _____

**TOTAL PLASTICS RESOURCES, LLC**
**f/k/a TOTAL PLASTICS, INTL.,**

    **Defendant.**

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, TOTAL PLASTICS RESOURCES, LLC ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida, and as grounds states:

### I. BACKGROUND

1. On July 24, 2021, Plaintiff filed a civil action against Defendant in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The action is styled *Jacquelyn Hackett v. Total Plastics*

*Resources, LLC f/k/a Total Plastics, Intl.*, and is designated Case No. 21-CA-006062 (hereafter referred to as the "State Action").

2. Defendant's counsel accepted service on its behalf pursuant to a waiver of service on August 12, 2021. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Action are attached hereto as **Exhibit A**. No other process, pleadings, or orders have been served upon Defendant in the State Action.

3. Written notice of the filing of the Notice of Removal to the federal court is being provided to Plaintiff herewith, as required by 28 U.S.C. §14469d). A copy of the Notice contemporaneously filed in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, is attached hereto as **Exhibit B.**

4. Pursuant to 28 U.S.C. §1446(b), Defendant has timely filed this Notice of Removal within 30 days after service of Plaintiff's Complaint.

5. Plaintiff's Complaint alleges causes of action stemming from her employment with and separation thereof Defendant under the Florida Civil Rights Act ("FCRA") and Florida common law. Specifically, Plaintiff alleges (1) gender discrimination in violation of the FCRA (Pl. Compl., Count I, ¶¶60-64; (2) negligent supervision, training, and retention (Pl. Compl. Count II, ¶¶65-69; and (3) retaliation in violation of the FCRA (Pl. Compl. Count III, ¶¶70-76). Plaintiff alleges that she was terminated on September 17, 2020. (Pl. Compl., ¶9).

## II.  VENUE

6. Venue is proper is proper in the United States District Court for the Middle District of Florida.  The Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County is located within the Tampa Division of the United States District Court for the Middle District of Florida.  28 U.S.C. § 89(c).  Therefore, venue is proper in this Court because it is the "district court and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.  GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

### A.  The Amount in Controversy Exceeds $75,000

7. Plaintiff's Complaint is "an action for damages in excess of $30,000.00, exclusive of costs, interest, and attorney's fees."  Ex A, Pl's Compl. ¶1.

8. If an amount for damages has not been explicitly pled, the removing party must prove merely "by a *preponderance of the evidence* that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 1996) (emphasis added); *see also* 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy . . . if the district court finds by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]").  As such, the issue is whether – more likely than not – the amount in controversy exceeds $75,000.

9. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); see also *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (holding a removing defendant "is not required to prove the amount in controversy beyond all reasonable doubt or to banish all uncertainty about it.") In determining the amount in controversy, the Court should look to the complaint. *See Id.*

10. If the amount is indeterminate from the complaint alone, as it is in this case, the "[C]ourt can look to the notice of removal and other evidence relevant to the amount in controversy at the time the case was removed." *Leon v. First Liberty Ins., Corp.*, 903 F. Supp. 2d 1319, 1321 (M.D. Fla. 2012) (internal citations and quotations omitted). "This evidence may include the removing defendant's own affidavit, declaration, or other documentation." *Id.* Moreover, the Court is permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770.

11. Specifically, Plaintiff seeks under Counts I and III an "… award [of] back pay, front pay, prejudgment interest, compensatory damages for mental anguish, emotional distress, embarrassment, humiliation, loss of enjoyment of life,

4

loss of dignity, impairment of working ability and earning capacity and loss of reputation, reasonable attorney's fees.", and under Count II "…award compensatory damages, consequential damages, costs, interest and such other relief as deemed appropriate by this Court."  Ex. A, Pl.'s Compl. ¶¶ 64, 69 and 76 "WHEREFORE" clause.

    12.    Under the FCRA, a plaintiff may recover, among other things, the following types of relief: back pay; compensatory damages including, but not limited to damages for mental anguish, loss of dignity, and any other intangible injury; punitive damages; and attorneys' fees and costs.  *See* Fla. Stat. § 760.11(5).

    13.    Under the FCRA, a successful plaintiff is "presumptively entitled to back pay." *Brown v. Cunningham Lindsey, U.C., Inc.*, No. 3:05-cv-141, 2005 WL 1126670, at *3 (M.D. Fla. 2005) (citing *Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1472-1473 (11th Cir. 1985)).  For purposes of determining the amount in controversy, courts consider the potential back pay award from the date of the adverse employment action until the proposed trial date.  *See Sheehan v. Westcare Found., Inc.*, No. 8:12-cv-2544, 2013 WL 247143, at * (M.D. Fla. 2013) (J. Covington).  *See also Hallmeyer v. Gateway Clippers, LLC*, No. 8:12-cv-02876, 2013 WL 268643, at *2 (M.D. Fla. 2013) (holding back pay damages may be calculated through the proposed trial date to establish the jurisdictional amount).  Consistent with this Court's ruling in *Sheehan*, Plaintiff's claims for back pay

should be determined by considering what he would have earned had he continued working for Defendant from the dates of his separation until the approximate trial date approximately one (1) year from now.

14. On February 25, 2020, counsel for Plaintiff sent Defendant the Demand Letter attached hereto as **Exhibit C**. This Demand Letter may be used to satisfy Defendant's burden in establishing that the jurisdictional amount in controversy has been met. *See Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) ("Defendants may use a variety of documents, including a written settlement demand, as an 'other paper' under 28 U.S.C. § 1446(b) to determine if the case is removable,"); *Gillinov v. Hillstone Rest. Grp., Inc.*, 92 F. Supp. 3d 1251,1255 (S.D. Fla. 2015) ("The Court may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied."); *Scott v. Home Depot U.S.A. Inc.*, No. 11-62426-CIV, 2012 WL 86986, at *5 (S.D. Fla. Jan. 11, 2012) ("As a document that existed at the time of removal, the pre-suit demand letter and the facts contained therein are permissible evidence of the amount in controversy.").

15. In her Demand Letter, Plaintiff demands a severance equivalent to 4 years of service with Defendant, which Plaintiff estimates to be $275,000. Ex. C, p. 3.

16. Accordingly, Plaintiff estimates a year of lost wages at $68,750 (calculated by dividing Plaintiff's severance demand by 4). Accordingly, the amount of back pay alone that Plaintiff estimates from the date of Plaintiff's September 17, 2020 termination totals approximately $68,750 at the time of removal.

17. Plaintiff's annual salary at the time of her separation was $67,685.28. (*See* **Exhibit D,** Declaration of Jason Jenkins, ¶9).

18. Plaintiff's request for attorneys' fees and costs also must be taken into account when calculating the amount in controversy. *See* § 760.11(5), Fla. Stat. (stating that prevailing plaintiff under the FCRA is entitled to recover attorneys' fees). Indeed, when a statute, such as the FCRA, "authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *Brown*, 2005 WL 1126670, at *4 (including prospective attorneys' fees in the amount in controversy) (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000) (considering attorneys' fees in deciding whether to remand case to state court).

19. Accordingly, it is more likely than not that Plaintiff's claims for back pay and attorneys' fees well exceed the jurisdiction threshold of $75,000, without

even considering compensatory damages, or front pay.[1]

20. Because Plaintiff seeks all relief the Court deems just and equitable, including the damages outlined above, the total damages that Plaintiff could recover in this case exceed $75,000. Therefore, the jurisdictional amount in controversy requirement is met and diversity jurisdiction exists.

### B. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant

21. For purposes of diversity jurisdiction, Plaintiff is a citizen of the United States and Florida.

22. Plaintiff alleges that she is a "resident of Hillsborough County, Florida..." Ex. A, Pl.'s. Compl. ¶ 4.

23. As a permanent resident of Florida, Plaintiff is domiciled in, and therefore a citizen of, the state of Florida. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) (holding that an assertion of permanent residency sufficiently alleges domicile). *See also Smyth*, 2013 WL 2048188 at *2.

---

[1] Front pay should all be considered when calculating the amount in controversy in diversity cases. *See, e.g., Brown*, 2005 WL 1126670, at *5 (considering front pay for purposes of determining jurisdictional amount and holding that punitive damages claim further increased the amount in controversy well above $75,000 jurisdictional threshold, as nothing in plaintiff's complaint or motion for remand indicated plaintiff was seeking less than the maximum allowable amount of punitive damages); *Love v. N. Tool & Equip. Co., Inc.*, No. 08-20453, 2008 WL 2955124, at *4 (S.D. Fla. 2008) (considering front pay in calculating amount in controversy for removal purposes).

24. For an individual, "[c]itizenship is equivalent to 'domicile' . . . [which is] the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation omitted). "A person's domicile is determined by a review of the 'totality of the evidence' . . . ." *Comprehensive Care Corp v. Katzman*, No. 8:09-cv-1375, 2009 WL 3157634, at * 2 (M.D. Fla. 2009) (citing *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349 (M.D. Fla. 2001)). Evidence that may be factored into a court's consideration includes affidavits and other testimony, driver's license, tax returns, banking statements, voter registration, medical records, utility phone bills, employment records, vehicle registration, professional licenses, membership in religious, recreational and business organizations, location of real property, and place of employment. *See e.g., Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005); *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998); *Smyth v. Hillstone Rest. Group, Inc.*, No. 13-80217, 2013 WL 2048188, at *2 (S.D. Fla. 2013).

25. Thus, it is undisputed that Plaintiff is a citizen of the State of Florida.

26. Diversity of citizenship exists because Defendant is not a citizen of Florida within the meaning of 28 U.S.C. §1332(c)(1).

27. Total Plastic Resources, LLC is a Delaware Limited Liability

Company. Its sole member is Port Plastics, Inc. Port Plastics is a California Corporation with its principal place of business in Texas. (*See* **Exhibit D, Declaration of Jason Jenkins, ¶5-6).**

28. Pursuant to 28 U.S.C. §1332(c), for the purposes of determining diversity of citizenship, a corporation is deemed to be a citizen of the State where it is incorporated and where it has its principal place of business. *See Pitts ex rel. Pitts v. Seneca*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). According to the United States Supreme Court's test, set forth in *Hertz Corp. v. Friend*, 559 U.S. 77; 130 S. Ct. 1181 (2010), a corporation's principal place of business is where a corporation's officers direct, control, and coordinate the corporation's activities, sometimes referred to as the corporation's "nerve center." *Id.* at 93. In practice, the "nerve center" is normally where the corporation maintains its headquarters.

29. Accordingly, Port Plastics, Inc. is a citizen of California and Texas. (*See* **Exhibit D**, Declaration of Jason Jenkins, at ¶6).

30. A limited liability company is a citizen of any state of which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

31. Accordingly, Defendant is a citizen of California.

32. It is undisputed that Defendant is not a citizen of Florida, and accordingly, complete diversity of jurisdiction exists.

## IV. CONSENT OF OTHER DEFENDANTS

33. There are no other defendants who would need to join in, or consent to, this Notice of Removal.

**WHEREFORE**, Defendant requests that the case styled *Jacquelyn Hackett v. Total Plastics Resources, LLC f/k/a Total Plastics, Intl.*, now pending in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, be removed to the United States District Court for the Middle District of Florida, Tampa Division.

DATED: September 13, 2021.

        Respectfully submitted,

        */s/ Gretchen M. Lehman*
        Gretchen M. Lehman
        Florida Bar No.: 0046363
        gretchen.lehman@ogletree.com
        OGLETREE DEAKINS NASH SMOAK
         & STEWART, P.A.
        100 North Tampa Street, Suite 3600
        Tampa, Florida 33602
        Telephone: 813.289.1247
        Facsimile: 813.289.6530
        *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Richard F. Meyers
THE MEYERS FIRM, P.A.
P.O. Box 16308
Temple Terrace, Florida 33687
rmeyers@meyersfirm.com
*Attorney for Plaintiff*

/s/ *Gretchen M. Lehman*
Attorney

48492782.1